# FILED

SEP 25 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50398 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00494-BEN |
| v. | |
| CRISTOBAL ESCOBAR-VASQUEZ, a.k.a. Jose Leonel Bueso-Vasquez, a.k.a. Cristobal Colon, a.k.a. Bueso Leonel Jose, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Submitted September 21, 2015[**]

Before:     REINHARDT, LEAVY, and BERZON, Circuit Judges.

Cristobal Escobar-Vasquez appeals from the district court's judgment and

challenges the 37-month sentence imposed following his guilty-plea conviction for

being a removed alien found in the United States, in violation of 8 U.S.C. § 1326.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Escobar-Vasquez contends that the district court procedurally erred by (i) focusing on deterrence to the exclusion of the other 18 U.S.C. § 3553(a) sentencing factors, and (ii) failing to consider and explain its rejection of his mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered the section 3553(a) sentencing factors and Escobar-Vasquez's mitigating arguments, and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc).

Escobar-Vasquez next contends that his sentence is substantively unreasonable in light of his cultural assimilation, the staleness of his prior criminal history, and the minor nature of his reentry offense. The district court did not abuse its discretion in imposing Escobar-Vasquez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The above-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances, including Escobar-Vasquez's prior removals and failure to be deterred. *See* U.S.S.G. § 2L1.2 cmt. n.9; *Gall*, 552 U.S. at 51.

**AFFIRMED.**

14-50398